United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

Nos. 05-31140
(Summary Calendar)
_____

VP BUILDINGS, INC.

Plaintiff

v.

NORCO CONSTRUCTION, INC.: ET AL.

Defendants

v.

ST. BERNARD PORT, HARBOR & TERMINAL DISTRICT

Third-Party Plaintiff-Appellant

v.

RICHARD P. ALBERT; WOODWARD DESIGNS, L.L.C.; PAUL FLOWER

Third-Party Defendants-Appellees

-----------------------
Appeals from the United States District Court
for the Eastern District of Louisiana
(2:04-CV-121)
----------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM[*]:

This appeal arises out of the efforts of many parties to

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

construct and renovate a facility on the land of Third-Party Plaintiff-Appellant St. Bernard Port, Harbor & Terminal ("the Port"). Specifically, this appeal concerns only the claims of the Port against each of the Third-Party Defendants-Appellees Richard P. Albert ("Albert"), Woodward Designs, L.L.C. ("Woodward"), and, Woodward's employee, Paul Flower ("Flower").

On August 1, 2005, the district court entered an Order and Reasons granting Albert's motion for summary judgment, having concluded that the Port was not a third-party beneficiary of an architectural services contract ("the Contract") entered into between Boasso America ("Boasso") and Mouton/Albert Architects, Albert's predecessor company. On August 5, 2005, the district court entered a separate final judgment in favor of Albert pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, having expressly found "no just cause for delay."

Similarly, on November 10, 2005, the district court entered an Order granting Woodward and Flower's joint motion for summary judgment, having concluded that the Port was not a third-party beneficiary of a construction design contract entered into between Boasso and Woodward. The district court did not, however, enter a separate final judgment as to Woodward or Flower. These two Orders disposed of all the claims against Albert, Woodward, and Flower; however, there remain numerous

2

other parties and claims to be dealt with by the district court in this action.

The Port now appeals both of the district court's rulings, asserting that the district court committed reversible error in holding that the Port was not a third-party beneficiary of either contract. Before reaching the merits of the Port's appeal, however, we must first determine whether we have appellate jurisdiction to hear either or both of these appeals.

As we have stated before, we are a court of limited jurisdiction. We are authorized to hear appeals only from specified dispositions: decisions that are final under 28 U.S.C. § 1291; interlocutory decisions under 28 U.S.C. § 1292; non-final judgments certified as final under Federal Rule of Civil Procedure 54(b); and other non-final orders or judgments to which an exception expressly applies.[1] The only possibility of jurisdiction to entertain the appeals of the summary judgments at issue here before the entire case is disposed of by the district court lies under Rule 54(b).

Rule 54(b) requires a trial court to make two findings before certifying an otherwise non-final judgment for appeal.[2]

---

[1] Briargrove Shopping Center Joint Venture v. Pilgrim Enters., Inc., 170 F.3d 536, 538 (5th Cir. 1999).

[2] Curtiss-Wright Corp. V. Gen. Elec. Co., 446 U.S. 1, 7-8 (1980).

3

First, that court must determine that the judgment is "final" —— "an ultimate disposition of an individual claim entered in the course of a multiple claims action."[3] Second, it must determine that there is no just reason for delay.[4] Although Rule 54(b) requires "an express determination that there is no just reason for delay," a judgment will be appealable under this rule if we can determine that the district court unmistakably intended to make the order appealable.[5] In determining this intent, however, we may examine only the order appealed from and other documents referenced therein.[6]

Regarding Albert's summary judgment, the district court entered a separate judgment, expressly titled a "Final Judgment under Rule 54(b)" and made an express determination in that there was no just reason for delay. Accordingly, the district court made both the necessary Rule 54(b) findings. We therefore have jurisdiction over this appeal.

Regarding Woodward and Flower's summary judgment, though, the district court neither entered a separate judgment nor, in

---

[3] Id. at 7.

[4] Id. at 8.

[5] Kelly v. Lee's Old Fashioned Hamburgers, Inc., 908 F.2d 1218, 1220 (5th Cir. 1990).

[6] Id.

4

the order granting summary judgment, expressed or otherwise indicated that the judgment was final or that there was no just reason for delay. Moreover, the district court's order did not reference any other documents. As the district court did not make the two requisite findings, we lack jurisdiction to hear this appeal. Therefore, the Port's appeal of the summary judgment dismissing its claims against Woodward and Flower is dismissed.

Having determined that we do have appellate jurisdiction over the appeal of the summary judgment dismissing the Port's claim against Albert, we turn to its substance. Summary judgment is appropriately granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[7] To avoid summary judgment, a nonmoving party who bears the burden of proof at trial must sufficiently establish every essential element of its cause of action.[8] We review a grant of summary judgment de novo.[9]

The Port claims that Albert is contractually obligated to it under a third-party beneficiary theory. Under Louisiana law, the

---

[7] Fed. R. Civ. Proc. 56(c); Lockart v. Kobe Steel Ltd. Constr. Mach. Div., 989 F.2d 864, 865 (5th Cir. 1993).

[8] Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[9] Thomas v. Price, 975 F.2d 231, 235 (5th Cir. 1992).

existence of a third-party beneficiary relationship must be clearly intended by the contracting parties.[10]

Based on the applicable law and our extensive review of the parties' briefs and the record on appeal, we conclude that the district court did not commit any error.  There was no evidence that either Boasso or Albert intended, expressly or otherwise, that the Contract be for the benefit of the Port.  In fact, in article 9.7 of the Contract, both parties expressed their mutual intent that the Contract <u>not</u> form the basis for a contractual relationship between either of them and any third-party, such as the Port.  Accordingly, we affirm the summary judgment of the district court in favor of Albert.

AFFIRMED IN PART AND DISMISSED IN PART.

---

[10] <u>Kane Enters. v. MacGregor (USA), Inc.</u>, 322 F.3d 371, 375 (5th Cir. 2003).