IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-30069

FRANCIS JUDE BROUSSARD; RACHEL GREMILLION BROUSSARD

Plaintiffs - Appellants

v.

PROCTER & GAMBLE CO; PROCTER & GAMBLE DISTRIBUTING CO;
PROCTER & GAMBLE MANUFACTURING CO

Defendants - Appellees

Appeal from the United States District Court for the Western District of
Louisiana, Lafayette

Before GARWOOD, GARZA, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

Rachel Gremillion Broussard ("Mrs. Broussard") and her husband, Francis Jude Broussard (together "the Broussards"), appeal the district court's grant of summary judgment to defendants Procter & Gamble Co., Procter & Gamble Distribution Co., and Procter & Gamble Manufacturing Co. (collectively "P&G") on their claims under the Louisiana Products Liability Act, La. Rev. Stat. Ann. §§ 9:2800.51-.60 ("LPLA").   For the reasons below, we AFFIRM.

I.

Mrs. Broussard suffers from myelomeningocele, a devastating congenital condition that leaves part of her malformed spinal cord exposed at a lesion around the level of her fifth lumbar disc.  Because of her condition,

Mrs. Broussard has chronic pain, poor circulation, and markedly decreased sensation in parts of her body below the lesion, including her buttocks and lower extremities.

On February 27, 2004, Mrs. Broussard bought a Therma Care Heatwrap, an over-the-counter pain reliever, to alleviate muscle soreness in her lower back. The box of the Therma Care Heatwrap touted that the heatwrap could be "[u]se[d] anytime day or night, even while [the user is] sleeping." Moreover, it claimed that the heatwrap was "[u]ltra thin, comfortable, discreet under clothing, [so that] no one knows [that the user is] wearing it."

Extensive warnings on the box, the individualized pouch, and the package insert, however, qualified this promotional language.[1] For example, both the box and the pouch warned that consumers should "[a]sk a doctor before use if [they] have diabetes, poor circulation, rheumatoid arthritis, or [if they] are pregnant." In addition, the pouch warned consumers not to use the wrap "on areas of the body where heat cannot be felt," and that "when using this product," users should "[p]eriodically check [their] skin: (a) if [their] skin is sensitive to heat, (b) if [their] tolerance to heat has decreased over the years." Finally, the package insert warned that consumers who "may be particularly sensitive to heat" should take various precautions, including "[p]eriodically check[ing] [their] skin while wearing Therma Care" and "[w]ear[ing] ThermaCare over a thin layer of clothing instead of directly against the skin."

Two days later, Mrs. Broussard used the Therma Care Heatwrap, strapping it around her lower back against her skin before falling asleep.

---

[1] One box of Therma Care Heatwrap contains two heatwraps that are individually wrapped inside a pouch.

When she awoke, Mrs. Broussard found that the heatwrap had slipped to her buttocks and had caused severe burns on her left buttock.

On February 16, 2005, the Broussards filed suit against P&G, the manufacturer of Therma Care Heatwrap, pleading claims under the LPLA.[2] The district court granted summary judgment to P&G because Mrs. Broussard failed to show that her use of the heatwrap was "reasonably anticipated," and that the heatwrap was "unreasonably dangerous." The Broussards subsequently filed this appeal.

## II.

We review a grant of summary judgment de novo, applying the same standard as the district court. Hanks v. Transcon. Gas Pipe Line Corp., 953 F.2d 996, 997 (5th Cir. 1992). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We review all evidence in the light most favorable to the nonmoving party. Exxon Corp. v. Burglin, 4 F.3d 1294, 1297 (5th Cir. 1993).

## III.

To recover under the LPLA, plaintiffs must establish that their damages "were proximately caused by a characteristic of the product that renders it unreasonably dangerous," and that their damages "arose from a reasonably anticipated use of the product." La. Rev. Stat. Ann. § 9:2800.54(A). "If a plaintiff's damages did not arise from a reasonably anticipated use of the product, then the 'unreasonably dangerous' question need not be reached." Kampen v. Am. Isuzu Motors, Inc., 157 F.3d 306, 309

---

[2] Francis Jude Broussard claims loss of consortium.

(5th Cir. 1998) (en banc).  Here, Mrs. Broussard failed to show that her use of the Therma Care Heatwrap was a reasonably anticipated use.

Mrs. Broussard violated extensive warnings when she used the heatwrap.  The pouch of the Therma Care Heatwrap expressly warned consumers not to use the heatwrap "on areas of the body where heat cannot be felt."  Mrs. Broussard used the heatwrap on her lower back despite having decreased sensitivity to heat below the level of her fifth lumber disc.  Moreover, Mrs. Broussard suffers from poor circulation, and both the box and the pouch explicitly warned that consumers suffering from poor circulation should consult a doctor before use.  Mrs. Broussard did not consult with her doctor before using the heatwrap.  Finally, the package insert clearly warned consumers "who may be particularly sensitive to heat" to check their skin periodically and to wear the heatwrap over a thin layer of clothing.  Mrs. Broussard ignored these precautions.

Our en banc decision in Kampen governs this case.[3]  Under the holding in that decision, plaintiffs who used a product in a manner that violates clear and express warnings can show that their use was reasonably anticipated only by presenting evidence that the manufacturer had reason to know that these warnings were ineffectual.  See id. at 314.  Here, Mrs. Broussard failed to present even one scintilla of evidence that P&G knew or should have known that despite the warnings: (1) consumers that have decreased sensitivity to heat are using the Therma Care Heatwrap; (2) consumers suffering from poor circulation are using the Therma Care Heatwrap without first consulting their doctor; or (3) consumers who are particularly sensitive to heat are ignoring the recommended precautions.  Because Mrs. Broussard

---

[3] In arguing that Mrs. Broussard's use of the Therma Care Heatwrap was reasonably anticipated, the Broussards inexplicably rely on the rationale expressed in the panel opinion for Kampen v. American Isuzu Motors, Inc.. 119 F.3d 1193 (5th Cir. 1997), reh'g en banc granted and vacated by 130 F.3d 656 (5th Cir. 1997).

did not establish that her use of the heatwrap was reasonably anticipated, the district court properly granted P&G summary judgment on the Broussards' LPLA claims.

IV.

For the reasons above, we AFFIRM the district court's grant of summary judgment in favor of P&G.