# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 1, 2009

No. 08-30893
Summary Calendar

Charles R. Fulbruge III
Clerk

HERMAN REED

Plaintiff - Appellant

v.

BIOMET ORTHOPEDICS INC

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:06-CV-544

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Herman Reed ("Reed") appeals the district court's grant of summary judgment in favor of Defendant-Appellee Biomet Orthopedics Inc. ("Biomet"). For the following reasons, we affirm.

## FACTS AND PROCEEDINGS

In June 2004, Reed fractured his hip in an automobile accident. The orthopedic surgeon at the hospital where he was treated implanted a Vari-Angle

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hip Screw ("VHS") device allegedly manufactured by Biomet to repair his hip. Approximately eight months after the surgery, an x-ray showed that the VHS device had fractured; as a result, Reed underwent a second hip operation.

Reed filed suit against Biomet under the Louisiana Products Liability Act ("LPLA"), claiming that the VHS device implanted in his hip was "unreasonably dangerous in construction or composition" and/or "did not conform to an express warranty" made by Biomet. Biomet filed a motion for summary judgment. The district court granted the motion, holding that Reed had provided no evidence of a defect in the VHS device's "construction or composition" or of any "express warranty" made by Biomet. Reed appeals.[1]

## STANDARD OF REVIEW

"We review a grant of summary judgment *de novo*, applying the same standard as the district court." *Broussard v. Procter & Gamble Co.*, 517 F.3d 767, 769 (5th Cir. 2008). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "We review all evidence in the light most favorable to the nonmoving party." *Broussard*, 517 F.3d at 769.

## DISCUSSION

To maintain a claim that a product is "unreasonably dangerous" in its "construction or composition" under the LPLA, a plaintiff must show that, "at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards

---

[1] Reed does not challenge the district court's grant of summary judgment on his claim that the device failed to conform to Biomet's express warranty; he has thus waived that issue on appeal. *See Leasehold Expense Recovery, Inc. v. Mothers Work, Inc.*, 331 F.3d 452, 462 n.4 (5th Cir. 2003). Therefore, we review only the district court's grant of summary judgment on Reed's "construction or composition" claim.

for the product or from otherwise identical products manufactured by the same manufacturer." LA. REV. STAT. ANN. § 9:2800.55; *see also Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 261 (5th Cir. 2002). The "construction or composition" provision of the LPLA thus "provides a remedy for damages caused by a product that is defective due to a mistake in the manufacturing process." *Id*. at 263.

In support of its motion for summary judgment, Biomet submitted affidavits and reports of two expert witnesses who examined the VHS device explanted from Reed and concluded that there was no manufacturing defect. Biomet also submitted portions of the deposition of Reed's orthopedic surgeon. She testified that the VHS device most likely broke due to Reed's failure to comply with her instructions to limit the weight placed on his hip and on the implant. Therefore, Biomet met its initial evidentiary burden on summary judgment; the burden then "shift[ed]" to Reed "to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (quotation omitted).

Reed's opposition to summary judgment only challenged Biomet's contention that he did not follow his doctor's instructions. On appeal, Reed still maintains that summary judgment was improperly granted because there are "disputed issues of fact" as to whether or not Reed's physician instructed him on the proper use of the VHS device and whether or not Reed followed those instructions. However, in the absence of any evidence of a defect in the VHS device itself, these are not issues of "material fact" because they would not "affect the outcome of the suit." *Id*. Regardless of the instructions given to Reed and his compliance with those instructions, Reed has not presented any evidence of a "construction or composition" defect in the VHS device, that would suggest a material deviation from Biomet's production standards or identical products. *See Stahl*, 283 F.3d at 263.

Accordingly, Reed has failed to set forth specific facts showing the existence of a genuine issue of material fact, and the district court properly granted summary judgment. *Id.*

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.