PER CURIAM: *
Donald and Constance Spears appeal from the district court’s grant of summary judgment in favor of Cintas Sales Corporation, Cintas Corporation No. 2, and Cintas Corporation No. 81 (collectively, Cintas). Donald Spears was severely burned while wearing a Cintas uniform. He alleges that the uniform was unreasonably dangerous and is seeking damages under the Louisiana Products Liability Act (LPLA). On appeal, Spears argues that the district court erred in finding that Spears’s use of the uniform was not a reasonably anticipated use. We affirm.
I
At the time of his accident, Spears was employed as the shop foreman for Apeck Construction, Inc., a construction firm that specialized in dirt work. Spears was the head mechanic in charge of servicing and repairing equipment used by Apeck in its business. While performing his duties, Spears wore a Cintas uniform that Apeck had purchased for him. The uniform was sixty-five percent polyester and thirty-five percent cotton.
Cintas provided uniforms to Apeck’s employees according to the terms of a rental agreement. Prior to the parties entering the agreement, a Cintas sales representative made a sales pitch to the Apeck employees in the Apeck mechanic shop. Subsequently, Apeck’s president signed the rental agreement, which included the following provision:
Unless specified otherwise, the garments supplied under this agreement are not flame retardant or acid resistant and contain no special flame retardant or acid resistant features. Customer agrees to notify its employees that their garments are not designed for use in areas of flammability risk or where contact with hazardous materials is possible. Customer warrants that none of the employees for whom garments are supplied under this agreement require flame retardant or acid resistant clothing.
Spears was injured while attempting to start a dump truck powered by a diesel engine. The evidence reflects that to start a diesel engine, a mechanic could use either ether or a gasoline-soaked rag. Spears used a gasoline-soaked rag, a procedure he had used “thousands of times” to attempt to start an engine. On the day of his injury, Spears soaked a rag in gasoline, squeezed out the gasoline, and placed the rag in front of the air intake valve on the dump truck. The dump truck backfired, and Spears’s uniform caught on fire. As the uniform burned, it melted and fused to his body, and he was unable to remove the shirt to escape the flames. Spears sustained third-degree burns over fifty percent of his body.
*669 Spears filed suit in state court under the LPLA, alleging that the Cintas uniform was an unreasonably dangerous product.[1] In his petition, Spears also alleged that Apeck was liable for its failure to supply flame retardant uniforms; however, Apeck was dismissed from the case because Spears’s exclusive remedy against Apeck was limited to worker’s compensation benefits. The case was timely removed to federal district court.
Cintas moved for summary judgment, arguing that Spears could not present sufficient evidence to prove two elements of his claim: (1) that his damages were proximately caused by a characteristic of the Cintas uniform that rendered it unreasonably dangerous; and (2) that the damage arose from a reasonably anticipated use of the uniform. The district court found that Spears’s use of the uniform was not a reasonably anticipated use and granted summary judgment in favor of Cintas. This appeal followed.
II
We review de novo the district court’s grant of summary judgment and apply the same legal standards as the district court.[2] Summary judgment is appropriate if “the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law” [3] by “citing to particular parts of materials in the record.”[4]
III
Spears argues that whether his damage arose from a reasonably anticipated use is a fact question that precludes summary judgment in this case. Under the LPLA, “[t]he manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product.” [5] “If a plaintiffs damages did not arise from a reasonably anticipated use of the product, then the ‘unreasonably dangerous’ question need not be reached.”[6] “ ‘Reasonably anticipated use’ means a use or handling of a product that the product’s manufacturer should reasonably expect of an ordinary person in the same or similar circumstances.”[7] “This objective inquiry requires us to ascertain what uses of its product the manufacturer should have reasonably expected at the time of manufacture.” [8]
A plaintiffs use of a product is not reasonably anticipated in a “situation where a manufacturer provides an express warning cautioning against a use of the product for which the product was neither designed nor intended, and where the plaintiff acts in direct contravention of that warning.”[9] “Even if the warning did not reach the users,” if the danger from a particular use of a product is obvious, then it is not a “reasonably anticipated use” under the LPLA.[10] However, even if the plaintiff *670 acts in contravention of an express warning, the plaintiffs use may be reasonably anticipated if the plaintiff presents “ ‘evidence that despite the warnings, [the manufacturer] should have been aware that operators were using the [product] in contravention of certain warnings.’ ”[11]
A
Spears contends that, because the warning in the rental agreement did not reach him, Cintas cannot rely on the warning to show that Spears’s use was not reasonably anticipated. Cintas does not dispute that the warning did not reach Spears. Instead, Cintas argues that Spears’s use was not a reasonably anticipated use because the danger of exposing the uniform to flammability risks was obvious to Spears.
The record demonstrates that Spears knew that his uniform was not flame retardant. Furthermore, Spears’s testimony establishes that Spears knew that his poly-cotton uniform would melt. Spears testified that he knew poly melted, and that it is “like setting a milk jug afire.” He also testified that he had worn polyester-cotton blends while working his entire life. However, in a job earlier in his career, he wore cotton when he did extensive welding. Spears explained that he chose to wear cotton while welding because “[c]otton when it burns, then that’s it. It don’t melt and create a bad scar versus polyester.” Because the danger of exposing the uniform to flammability risks was obvious to Spears, Spears’s use of the uniform is not a “reasonably anticipated use” under the LPLA.[12]
The parties both spend a significant portion of their briefs disputing whether Spears knew that the engine could backfire and whether his use of a gas-soaked rag was more dangerous than using ether to start the engine. Spears argues that his use of the uniform was not obviously dangerous because he did not know that the engine would backfire. However, while the danger involved in starting the engine with a gasoline-soaked rag may be relevant in assessing Spears’s comparative negligence, it is not relevant to whether Spears’s use of the uniform was a reasonably anticipated use. The correct obvious-danger analysis in this case relates to what Spears argues that Cintas should have warned against—that the uniform would melt when exposed to flame. Furthermore, Spears’s argument that he did not know the engine would backfire is contrary to his argument that Cintas should have reasonably anticipated that he would be exposed to flammability risks while wearing his uniform. If Spears, an expert mechanic, did not know that there was a risk that the engine would backfire when he attempted to start it, Cintas could not reasonably anticipate that its uniform would be exposed to the backfire of a diesel engine.
B
Spears argues that the court should hold that his was a reasonably anticipated use because Cintas should have known that, despite the warning in the rental agreement, Apeck employees were exposed to flammability risks while wearing the Cintas uniform. He contends that the Cintas sales pitch was made in the Apeck shop, where it was obvious that mechanic work was performed. He further asserts that multiple pieces of equipment that would expose Apeck mechanics to flammability risks were present in the shop, such as welding equipment and blowtorches. Spears also argues that Cintas knew or should have known that employees were exposed to flammability risks *671 because it laundered the uniforms, and the clothing to be laundered was smeared with grease, gasoline, lubricants, and other chemicals.
Spears has not shown that Cintas should have known that its warning was being ignored by users of the uniform. The facts that Cintas laundered uniforms with stains on them and that there was welding equipment on the premises are not sufficient to establish that Cintas should have known that Apeck employees were using the uniforms in areas of flammability risk. Although a Cintas sales person was in Apeck’s shop and may have observed welding equipment and blowtorches, that does not mean that Cintas should have known that those employees who actually ordered uniforms would be exposed to flammability risks. The uniform rental agreement stated that Apeck warranted that none of its employees required flame retardant uniforms. As the district court concluded, Cintas “has a right to rely upon a customer assurance that the uniforms furnished are not required to be flame retardant.” Accordingly, we hold that Spears’s use of the uniform was not a reasonably anticipated use.
For the foregoing reasons, we AFFIRM the judgment of the district court.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. See La.Rev.Stat. Ann. § 9:2800.54(A).

. Travelers Lloyds Ins. Co. v. Pac. Emp’rs Ins. Co.. 602 F.3d 677, 681 (5th Cir.2010).

. Fed.R.Civ.P. 56(a).

. Fed.R.Civ.P. 56(c)(1)(A).

. La.Rev.Stat. Ann. § 9:2800.54(A).

. Broussard v. Procter & Gamble Co., 517 F.3d 767, 769 (5th Cir.2008) (quoting Kampen v. Am. Isuzu Motors, Inc., 157 F.3d 306, 309 (5th Cir.1998) (en banc) (internal quotation marks omitted)).

. La.Rev.Stat. Ann. § 9:2800.53(7).

. Kampen, 157 F.3d at 309.

. Id. at 314.

. Lockart v. Kobe Steel Ltd. Constr. Mach. Div., 989 F.2d 864, 868 (5th Cir.1993).

. Kampen, 157 F.3d at 314 (quoting Lockart, 989 F.2d at 868).

. See Lockart, 989 F.2d at 868.