# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30276
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2015

Lyle W. Cayce
Clerk

TOBY ARANT,

Plaintiff – Appellant

v.

WAL-MART STORES, INC., TAHSIN INDUSTRIAL, CORP., USA,

Defendants – Appellees

Appeal from the United States District Court
for the Western District of Louisiana
No. 5:13-CV-2209

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Toby Arant appeals the summary-judgment dismissal of his products liability claims against Wal-Mart Stores, Inc. ("Wal-Mart"), and Tahsin Industrial, Corp., USA ("Tahsin"). For the following reasons, we affirm.

## STATEMENT OF FACTS

Arant purchased two 1" ratchet straps, manufactured by Tahsin, at Wal-Mart in June or July of 2011. He used the straps to secure a lock-on tree-stand to a tree for hunting. On September 9, 2012, when Arant climbed onto the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30276

stand, the straps failed, and Arant fell over twenty feet to the ground, sustaining serious injuries.

Arant sued Wal-Mart and Tahsin in Louisiana state court under the Louisiana Products Liability Act ("LPLA"), claiming the straps were defective and unreasonably dangerous. He also brought a claim for breach of warranty against redhibitory defects.[1] Wal-Mart and Tahsin removed the case to federal court and filed a motion for summary judgment. The district court granted the motion, and Arant timely appealed.

## STANDARD OF REVIEW

"We review a grant of summary judgment *de novo*, applying the same standard as the district court." *Broussard v. Procter & Gamble Co.*, 517 F.3d 767, 769 (5th Cir. 2008). A motion for summary judgment is properly granted if there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "We review all evidence in the light most favorable to the nonmoving party." *Broussard*, 517 F.3d at 769. The nonmoving party, however, cannot satisfy his summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Id.* (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## DISCUSSION

To maintain a products liability action under the LPLA, a plaintiff must show that his damages were proximately caused by an unreasonably dangerous characteristic of the product and that his damages arose from a

---

[1] On appeal, Arant does not raise the district court's dismissal of his redhibitory defect claim. We consider Arant to have waived that issue.

No. 15-30276

reasonably anticipated use of the product. La. Rev. Stat. Ann. § 9:2800.54(A). The plaintiff bears the burden of proving that a product is unreasonably dangerous, and must establish either: defective construction or manufacturing, defective design, inadequate warning, or breach of express warranty. *Id.*; *see Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 260–61 (5th Cir. 2002). Defects are not presumed by the mere fact that an accident or injury occurred. *Krummel v. Bombardier Corp.*, 206 F.3d 548, 551 (5th Cir. 2000).

On appeal, Arant challenges the district court's dismissal of his theories of defective construction and inadequate warning. First, for a claim of defective construction, Arant had to offer evidence that the product "deviated in a material way from the manufacturer's specifications or performance standards for the product," "*at the time* the product left its manufacturer's control." La. Rev. Stat. Ann. § 9:2800.55 (emphasis added); *Jenkins v. Int'l Paper Co.*, 945 So. 2d 144, 150 (La. Ct. App. 2006). Arant asserts that at the time of his accident the webbing of the straps tore in half, and the hooks on the straps did not bend. He maintains that he purchased the ratchet straps within a year of their failure, used and stored the straps properly, and still the straps tore. He offers, however, neither evidence nor expert testimony that indicates the dangerous characteristic of the straps—the specific deviation in construction—that caused his injuries.[2] *See Morris v. United Servs. Auto. Ass'n*, 756 So. 2d

---

[2] Arant provides only his factual account of the accident, and the events preceding it. But "[a] review of the case law involving Louisiana products liability claims reveals that courts generally demand, or at minimum favor, expert testimony to prove an unreasonably dangerous defect in composition or design of a product." *Haskins Trucking Inc. v. Goodyear Tire & Rubber Co.*, No. 07-0585, 2008 WL 1775272, at *5 (W.D. La. Apr. 17, 2008). "The principal means by which a products-liability plaintiff submits material evidence of either a defective design or a failure to warn is through an expert witness's report." *Brown v. Caterpillar, Inc.*, 54 F. App'x 794, at *2 (5th Cir. 2002) (per curiam). "A court cannot assess whether a product is 'unreasonably dangerous' without such information." *Id.*; *cf. Grenier v. Med. Eng'g Corp.*, 99 F. Supp. 2d 759, 764 (W.D. La. 2000) (rejecting plaintiff's defective design claim because of a lack of expert testimony).

549, 558 (La. Ct. App. 2000). And to survive summary judgment, Arant cannot simply rely on a purely speculative inference of defective construction from the fact that the straps failed, *i.e.* that an accident occurred. *See Ayala v. Enerco Grp., Inc.*, 569 F. App'x 241, 247 (5th Cir. 2014) (per curiam) ("A plaintiff must offer evidence of a defect based on more than mere conjecture . . . ."); *Morris*, 756 So. 2d at 558 (explaining that "[i]t is incumbent" for a claimant to demonstrate "how the product in question materially deviated from [the manufacturer's] standards so as to render it 'unreasonably dangerous'").

Conversely, Wal-Mart and Tahsin presented expert testimony that the straps failed because they had been left outside, exposed to the elements, for over three years. Wal-Mart's and Tahsin's experts opined that the straps were attached to the tree over multiple annual growth cycles, resulting in visible discoloration, fraying, and wear. Although Arant maintains that he owned the straps for only a few months, he presents no evidence or explanation of the strap's defective construction. As an alternative argument, he contends that under *res ipsa loquitur* his circumstantial evidence is sufficient to establish an issue of fact. The doctrine of *res ipsa loquitur* allows for an inference of negligence or liability when the circumstances of an accident are so unusual as to preclude other probable explanations. *See Lawson v. Mitsubishi Motor Sales of Am., Inc.*, 938 So. 2d 35, 43–44 (La. 2006). But for *res ipsa loquitur* to apply, a plaintiff must "sufficiently exclude inference of the plaintiff's own responsibility or the responsibility of others besides [the] defendant in causing the accident." *Id.* at 50; *Gladney v. Milam*, 911 So. 2d 366, 371 (La. Ct. App. 2005) (explaining that "if there is an equally plausible explanation for the occurrence, the doctrine is not applicable"). Again, Wal-Mart and Tahsin presented expert and technical evidence to support their theory that the straps failed due to prolonged exposure to the elements. And the circumstances of Arant's accident are not so unusual as to exclude other possible explanations

for the straps' failure. Because reasonable hypotheses as to other causes of the straps' failure remain, Arant can not avail himself of *res ipsa loquitur*.

Second, Arant alleges that the ratchet straps were unreasonably dangerous because of an inadequate warning. To maintain an inadequate warning claim, a plaintiff must demonstrate that "the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product." La. Rev. Stat. Ann. § 9:2800.57; *see Krummel v. Bombardier Corp.*, 206 F.3d 548, 552 (5th Cir. 2000). But, "[t]here is no duty to warn of dangers about which the buyer knows or should be aware, and there is no duty to warn of the particular consequences that may flow from improper usage when those consequences are readily cognizable." *Hesse v. Champ Serv. Line*, 758 So. 2d 245, 249 (La. Ct. App. 2000); *see Batiste v. Brown*, 86 So. 3d 655, 661 (La. Ct. App. 2012) (granting summary judgment on failure-to-warn claim where plaintiff had knowledge of the dangers associated with the product). Arant suggests that the ratchet strap instructions were too vague and inadequately advised buyers that the straps may weaken when left outdoors. In deposition testimony, however, Arant disclosed that he was aware of the risks associated with leaving a tree stand and its components exposed to the elements, and stated that his injuries did not result from inadequate warnings or instructions. Because Arant had knowledge of the dangers associated with environmental exposure, Wal-Mart and Tahsin had no duty under the statute.

Arant failed to introduce any genuine issue of material fact that the straps were unreasonably dangerous. Because we find the district court properly granted summary judgment to Wal-Mart and Tahsin, we AFFIRM.