NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0634n.06

No. 16-5776

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

SHON HOPPER,

    Plaintiff-Appellant,

v.

NEW BUFFALO CORPORATION,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Nov 30, 2016
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF KENTUCKY

**Before: MOORE and CLAY, Circuit Judges; HOOD, District Judge.**[*]

**JOSEPH M. HOOD, Senior District Judge.** In August 2011, Plaintiff-Appellant Shon Hopper purchased a "lock-on" tree stand for hunting deer from a Rural King store in Madisonville, Kentucky. At the same time, Hopper purchased a separate set of "ratchet tie down straps" distributed to Rural King by Defendant-Appellee New Buffalo Corporation. Hopper hung his new tree stand with the ratchet tie-down straps (rather than the straps included with the tree stand), stepped onto the stand, and promptly fell approximately 21 feet to the ground "as though in a dunking booth[,]" sustaining the alleged injuries he complains of in this case.

Hopper sued New Buffalo, alleging strict and negligent product liability, breach of warranty and violation of the Kentucky Consumer Protection Act. He requested class certification and sought injunctive relief. The parties filed cross motions for summary judgment, and the district court granted summary judgment in favor of New Buffalo on all claims. Hopper

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

appealed the grant of summary judgment on his product liability and breach of warranty claims. For the reasons stated below, we **AFFIRM**.

I.      FACTS

The facts of the accident giving rise to this lawsuit, as described briefly herein, are not in dispute. Hopper set out with his cousin, Tommy Boyd, to hang a new tree stand next to a tree stand he had previously hung (using the straps included with that tree stand when purchased) approximately 21 feet above ground. R. 73-1 (Hopper Dep. at 33-35) (PageID# 706-8). Although his new lock-on tree stand came with straps for hanging it, as well as numerous warnings instructing the user to use all the included parts and not to replace any parts, Hopper discarded the straps that came with the tree stand and used the ratchet tie-down straps to secure the tree stand to the tree instead. R. 73-1 (Hopper Dep. at 58) (PageID# 731-32). The packaging for the ratchet tie down straps stated "Use To Secure Equipment During Transport" and "750 lb Capacity." R. 72-3 (Pl.'s Mem. Sup. Mot. Sum. J., Ex. B) (PageID# 663). The packaging did not list any other permissible uses or limitations of the straps. Hopper hung the new tree stand while standing on the old one. When he stepped onto the new stand, it fell. R. 73-1 (Hopper Dep. at 36) (PageID# 709). Upon inspection, Hopper discovered the "s" (or "figure 8") shaped hooks on the ratchet straps had straightened out, causing the fall. R. 73-1 (Hopper Dep. at 65) (PageID# 738).

The ratchet straps are featured on New Buffalo's website, branded as "Sportsman Series" under the heading "Fishing, Hunting and Camping Supplies." The straps appear in New Buffalo's catalog with the description:

> Safely secure loads in the truck bed, on the trailer, or on the roof of the SUV with the Sportsman Series Tie Down Kit. Keep a set in the truck or the tool box for camping, hauling loads home from the hardware store, or moving furniture.

2

R. 12-4 (First Am. Compl., Ex. 4, Product Catalog, pp. 28-32) (PageID# 129-32). Nothing on the product packaging or product catalog insinuates the ratchet tie-down straps could or should be used for any purpose other than tying down loads for transport.

## II.     STANDARD OF REVIEW

We review a grant of summary judgment *de novo*, applying the same test as used by the district court. *Baker Hughes Inc. v. S&S Chemical, LLC*, 836 F.3d 554, 559 (6th Cir. 2016). Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "In making this assessment, we view the record and all inferences drawn from it in the light most favorable" to the nonmoving party. *Belasco v. Warrensville Heights City Sch. Dist.*, 634 F. App'x 507, 514 (6th Cir. 2015). "Summary judgment is improper if the nonmoving party has produced evidence 'such that a reasonable jury could return a verdict' in his favor. The ultimate inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 and 251–52 (1986)).

## III.     PRODUCTS LIABILITY CLAIMS

The Kentucky Product Liability Act, KY. REV. STAT. § 411.300 et seq., recognizes products liability suits founded in strict liability, negligence, or breach of warranty. *Morales v. Am. Honda Motor Co.*, 71 F.3d 531, 537 (6th Cir. 1995). Hopper put forth a theory of defective design and failure to warn, claiming strict liability and negligence on the part of New Buffalo. To prevail under the KPLA on either strict liability or negligence, "[a] plaintiff in Kentucky can bring a defective design claim under either a theory of negligence or strict liability. The

foundation of both theories is that the product is 'unreasonably dangerous.'" *Ostendorf v. Clark Equip. Co.*, 122 S.W.3d 530, 535 (Ky. 2003). "[U]nder either theory [negligence or strict liability], it is the legal duty of a manufacturer to use reasonable care to protect against foreseeable dangers." *Id*. We agree with the district court that Hopper did not present any evidence that would create a genuine issue of material fact regarding whether his use of ratchet tie-down straps as deer stand straps was a foreseeable danger against which New Buffalo had a legal duty to protect.

Hopper spends a significant portion of his brief arguing that the ratchet straps were unreasonably dangerous due to their defective design because they failed during his expert's testing at a weight of 157 pounds, which is well below the 750 pounds advertised on the package. Whether the ratchet straps could actually withstand the advertised weight is inapposite to the question at issue in this case, because regardless of whether the ratchet could hold 750 pounds when used as a tie down, the package makes no promise of any weight the tie-down straps could hold when being misused to suspend a deer stand against a tree. "Under either theory of negligence or strict liability, a manufacturer must exercise reasonable care in order to design a product which is reasonably safe at the time of sale for its intended and forseeably [*sic*] probable uses." *Jordan v. Massey-Ferguson, Inc.*, 100 F.3d 956 (6th Cir. 1996). As discussed below, using a ratchet strap intended to tie down items to a vehicle to instead hang a tree stand 21 feet in the air is not a foreseeably probable use or misuse; thus, Plaintiff cannot present any evidence that the design was defective for the Plaintiff's misuse.

Hopper argues the issue of foreseeable misuse is a jury question, relying heavily on *Noel v. S.S. Kresge Co.*, 669 F.2d 1150, 1156 (6th Cir. 1982), in which this Court stated, in part, "the issue of misuse presents a question of fact for the jury[,]" affirming the district court's denial of a

motion for directed verdict. This quote, however, refers to the particular facts at issue in *Noel* and does not state a broad rule of law. In *Noel*, the plaintiff was injured using pliers to stretch a brake spring while repairing a vehicle. This Court noted that "[t]he evidence did not establish that using pliers, without any warning of limited use, for the purpose of gripping and pulling wire, was misuse as a matter of law." *Id.* As this Court made clear in *Noel*, where material facts regarding foreseeable misuse are present, it is appropriate to submit the case to the jury; however, no such material facts existed with respect to the foreseeability of Hopper's misuse of the ratchet tie-down straps. "A manufacturer or seller may not determine the 'intended use' of a product and then escape liability for injury resulting from a different use even though the product is defective and *the use by the consumer is foreseeable*." *Id.* (emphasis added). While using pliers with one hand to grip and stretch a spring is potentially foreseeable, and presents a question of facts for the jury, using ratchet tie-down straps as a replacement for the included deer tree stand straps to secure a stand 21 feet in air is an unforeseeable misuse as a matter of law. Hopper has not presented any evidence to the contrary.

Hopper maintains that because there have been a handful of lawsuits in the past – not involving New Buffalo – in various jurisdictions across the country regarding ratchet straps and deer stands, that Hopper's misuse was foreseeable. He did not, however, make this argument to the district court (other than citing *Bradley v. Ameristep, Inc.*, 800 F.3d 205, 207 (6th Cir. 2015)); furthermore, the seven cases Hopper cited are unconvincing here and do not stand for the proposition for which Hopper cited them.[1] These seven cases, in which only a few of the

---

[1] *See Bradley v. Ameristep, Inc.*, 800 F.3d 205, 207 (6th Cir. 2015) (Plaintiff purchased "replacement treestand ratchet straps" not tie-down ratchet straps.); Bryant *v. BGHA, Inc.*, 9 F.Supp.3d 1374, 1381 (M.D. Ga. 2014) (Plaintiff sued tree stand manufacturer; the stand was packaged "with certain straps . . . including two stabilizer straps and two ratchet straps." Plaintiff did not use separate tie-down ratchet straps.); *Arant v. Wal-Mart Stores, Inc.*, 628 F. App'x. 237

Plaintiffs used separately purchased tie-down ratchet straps (and none of them prevailed), do not create a genuine issue of material fact as to the foreseeability of Hopper's misuse of the ratchet straps at issue here.

Hopper also maintains that because he, his cousin Tommy, and one Amazon reviewer have used ratchet tie-down straps to secure lock-on tree stands, this misuse was foreseeable to New Buffalo. As the district court correctly stated:

> This is insufficient. A product designed to secure items in a truck bed or in a trailer is a different product than one designed to secure a platform to a tree over 20 feet in the air. These are wholly different purposes.

R. 93. (Mem. Op., pp. 4) (PageID# 1531). Even viewing the facts in the light most favorable to him, Hopper has not presented a genuine issue of material fact sufficient to survive Defendant's Motion for Summary Judgment based on the fact he, his cousin Tommy, and one stranger on the Internet have similarly misused tie-down ratchet straps in the past.

Because we hold that there was no genuine issue of material fact on the issue of Hopper's misuse of the ratchet straps, and, thus, summary judgment was appropriate as a matter of law, we

---

(5th Cir. 2015) (affirming district court's grant of summary judgment to Defendants based on Plaintiff's failure "to introduce any genuine issue of material fact that the straps were unreasonably dangerous." The Court did not specify whether these were tie-down ratchet straps or tree stand straps.); *Johnson v. Serv. Tool Co., LLC*, 2015 U.S. Dist. LEXIS 160397, *19-20 (E.D. Mich. Nov. 30, 2015) ("Drawing all reasonable inferences in favor of Plaintiff, the evidence fails to establish that the hunting community commonly uses [cargo tie-down] ratchet straps to replace treestand support straps."); *Freeland v. Ameristep, Inc.*, 2014 U.S. Dist. LEXIS 57160 (E.D. Ok. 2014) (granting summary judgment in favor of Defendant on Plaintiff's strict liability, negligence, and failure to warn claims arising from ratchet strap failure; district court did not specify whether the straps were tie-down or tree stand ratchet straps); *Yoder v. Sportsman's guide, Inc.*, 2015 U.S. Dist. LEXIS 153094 (W.D. Pa. 2015) (granting summary judgment in favor of Defendant where Plaintiff alleged tree stand was defective; tree stand was sold with ratchet straps and other straps; Plaintiff did not allege ratchet strap failure caused injuries.); *Crowe v. Strong Built, Inc.*, 2012 U.S. Dist. LEXIS 121714 (S.D. Ill. 2012) (tree stand fell when ratchet straps allegedly failed; district court did not reach the merits or address whether the straps at issue were included with the tree stand or were separately purchased tie-down ratchet straps).

need not address Hopper's argument that any misuse on his part could have been remedied with a comparative fault jury instruction.

## IV.    BREACH OF WARRANTY CLAIM

The district court did not reach the issue of whether a valid warranty existed in this case; however, assuming, *arguendo,* that such a warranty did exist pursuant to KY. REV. STAT. § 355.2-313, the district court granted summary judgment in favor of New Buffalo on Hopper's breach of warranty claim because pursuant to Kentucky law, "the scope of a product warranty is limited to the product's intended use[.]" *Overstreet v. Norden Labs, Inc.*, 669 F.2d 1286, 1290 (6th Cir. 1982) (construing Kentucky law).   A promise that a ratchet strap can tie down 750 pounds "to secure equipment during transport" is not a promise that the strap can suspend 750 pounds from a tree.   Hopper's use of the tie-down ratchet straps as tree stand straps was contrary to their intended use; accordingly, the district court's grant of summary judgment on the breach of warranty claim was appropriate pursuant to Kentucky law.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.