# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10024
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2018

Lyle W. Cayce
Clerk

TRAVIS BLANK,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-502

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Travis Blank, federal prisoner # 16486-078, appeals the grant of summary judgment and dismissal with prejudice of his complaint that raised claims against the United States of America pursuant to the Federal Tort Claims Act (FTCA). Blank, who suffers from Crohn's disease and related ailments, complained of his medical classification and his assignment to a non-medical prison facility, the Federal Correctional Institute at Oakdale (FCI-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10024

Oakdale), complained of the medical treatment that he received at FCI-Oakdale, and complained of the medical treatment that he received at FCI-Fort Worth, where he was later transferred.  The district court found that Blank's claim regarding his medical classification and designation to a non-medical prison facility was barred by the discretionary function exception to the FTCA because it involved elements of judgment or choice.  Accordingly, the district court granted summary judgment and dismissed this claim for lack of subject matter jurisdiction.  With regard to Blank's remaining medical malpractice claims, the district court granted summary judgment, finding that Blank failed to provide any evidence, in the form of expert testimony, on the essential elements of standard of care, breach, causation, and damages as required by state law.  *See Ayers v. United States*, 750 F.2d 449, 452 n.1 (5th Cir. 1985).

We "review a grant of summary judgment de novo, applying the same standard as the district court," and we consider all evidence "in the light most favorable to the nonmoving party."  *Broussard v. Procter & Gamble Co.*, 517 F.3d 767, 769 (5th Cir. 2008) (citations omitted).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  "When a proper motion for summary judgment is made, a nonmoving party who wishes to avoid judgment by establishing a factual dispute must set forth specific facts showing that there is a genuine issue for trial."  *Hanks v. Transcon. Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992) (footnote omitted).

The medical classification and designation of a prisoner to a particular prison facility involves elements of judgment or choice so as to bring it within the purview of the discretionary function exception to the FTCA.  *See United*

2

No. 17-10024

*States v. Gaubert*, 499 U.S. 315, 322 (1991).  Accordingly, the district court did err in dismissing the claim for lack of subject matter jurisdiction.  *See Castro v. United States,* 608 F.3d 266, 268 (5th Cir. 2010) (en banc).

With regard to Blank's remaining medical malpractice claims, the district court did not err in granting summary judgment given Blank's failure to provide expert testimony as required by the relevant medical malpractice laws of Louisiana and Texas.  *See Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003); *Bailey v. State*, 695 So. 2d 557, 559 (La. Ct. App. 1997).  We also agree with the district court that Blank cannot take advantage of the common-knowledge exception to the expert-testimony requirement.  *See Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977); *Pfiffner v. Correa*, 643 So. 2d 1228, 1234 (La. 1994).  The judgment of the district court is AFFIRMED.