911 So.2d 366 (2005)
Shemeka L. GLADNEY, individually and on behalf of the minor, Jamya J. Hopkins; Quintell D. Gladney, individually and on behalf of the minors, Qunshavious D. Gladney and Quintell D. Gladney, Jr.; Theodore Gladney; Annie Mae London; and Bobbie Jean Alexander, Plaintiffs-Appellants
v.
Terry MILAM d/b/a U-Save Auto Rental, Empire Fire & Casualty Co., Bridgestone/Firestone, Inc., Bridgestone Corporation, Raymond Lindsey and XYZ Insurance Co., Defendants-Appellees.
No. 39,982-CA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 2005.
*367 Samuel L. Jenkins, Jr., for Appellant Shemeka Gladney, Quintell D. Gladney, Theodore Gladney and Annie Mae London.
W. James Singleton, Shreveport, for Appellant Bobbie Jean Alexander.
David F. Butterfield, Shreveport, for Appellee Terry Milam and Empire Indemnity Insurance Co.
Sidney E. Cook, Jr., Shreveport, for Appellee Raymond Lindsey and Liberty Mutual Insurance Company.
William J. Hamlin, William C. Ellison, New Orleans, for Appellee Bridgestone/Firestone North American Tire, LLC.
Before WILLIAMS, PEATROSS and LOLLEY, JJ.
WILLIAMS, Judge.
The plaintiffs appeal summary judgments in favor of the defendants, Terry Milam d/b/a U-Save Auto Rental, Empire Fire & Casualty Company ("Empire"), Bridgestone/Firestone, Inc., Bridgestone Corporation, Raymond Lindsey and Liberty Mutual Insurance Company ("Liberty Mutual"). The court dismissed plaintiffs' claims, finding that they could not prove the tire on their leased vehicle was defective. For the following reasons, we affirm.

FACTS
In February 2002, Raymond Lindsey leased a 1999 Chevy van owned by Terry Milam d/b/a U-Save Auto Rental ("U-Save"), which was located in Shreveport. The van was equipped with Firestone FR680 tires which were manufactured by Bridgestone/Firestone North American Tire, LLC. On February 23, 2002, at approximately 7:00 am, Bobbie Jean Alexander was driving the rented van eastbound on Louisiana Highway 420 in Pointe Coupee Parish. Her passengers were Shemeka Gladney, Jamya Hopkins, Quintell *368 Gladney, Qunshavious Gladney, Quintell Gladney Jr., Theodore Gladney and Annie Mae London. The van's right front tire allegedly failed and Alexander lost control of the vehicle, which left the highway and rolled over several times. Alexander was not listed as a driver on the rental agreement and Lindsey was not in the van at the time of the accident.
Subsequently, the plaintiffs, Shemeka Gladney, individually and on behalf of the minor Jamya Hopkins, Quintell Gladney, individually and on behalf of the minor children Qunshavious Gladney and Quintell Gladney Jr., Theodore Gladney, Annie Mae London and Bobbie Jean Alexander filed a petition for damages resulting from the accident. Plaintiffs named as defendants U-Save and its insurer, Empire, Bridgestone/Firestone, Inc. and Bridgestone Corporation (referred to as "Firestone"), Lindsey and his insurer, Liberty Mutual. The petition alleged a products liability claim against Firestone, strict liability and negligence claims against U-Save and alleged a duty to provide insurance coverage against Lindsey. U-Save and Empire filed exceptions of venue, prescription and lack of capacity. The district court denied the exceptions of venue and prescription, but ordered Shemeka and Quintell Gladney to show evidence of their capacity to sue on behalf of the named minor children.
In December 2003, Firestone filed a motion for summary judgment on the grounds that plaintiffs could not prove a defective condition without producing the tire at issue. U-Save adopted Firestone's motion. Plaintiffs filed an opposition to the motion for summary judgment and attached photographs of the damaged tire, a copy of the state police accident report listing tire failure as the cause of the accident, the affidavit of Sidney Youngblood, a manager of a tire store who had reviewed photographs of the tire, and correspondence concerning the location of the tire. Plaintiffs also filed a motion for partial summary judgment on the issue of spoliation, alleging that the missing tire was last in the possession or control of one of the defendants. Firestone moved to exclude Youngblood's affidavit and submitted the affidavit of its tire expert, Brian Queiser. Plaintiffs submitted the affidavit of their tire expert, John Tielking, Ph.D., who opined that the tire failure was caused by design and manufacturing defects.
After a hearing in August 2004, the district court granted summary judgment in favor of Firestone, U-Save and Empire, stating that the "jurisprudence seems clear to the court, no tire, no case, in a case like this." The court found that the opinions of plaintiffs' experts were based on conjecture, since they could say only what "might possibly have happened, and one of them listing a number of things that could have happened and saying which he thinks was most likely. But in no case does he say, more likely than not, this is what happened." Plaintiffs filed a writ application, which was denied by this court on the basis that plaintiffs' remedy was a direct appeal. Gladney, et al. v. Milam d/b/a U-Save Auto Rental, et al., 39,421 (La.App.2d Cir.9/23/04).
Lindsey and Liberty Mutual filed a motion for summary judgment on the grounds that Lindsey had not assumed any contractual obligation to provide insurance coverage for the plaintiffs. After a hearing, the district court granted the motion, finding that Lindsey's obligation was governed by the rental contract and that he had fulfilled his duty. The court rendered summary judgment in favor of Lindsey and Liberty Mutual. Plaintiffs appeal both judgments.

*369 DISCUSSION
The plaintiffs contend the district court erred in failing to consider their motion for partial summary judgment on the issue of spoliation of evidence. Plaintiffs argue that defendants' failure to produce the tire should create a presumption that the evidence would have been favorable to plaintiffs' case.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. However, if the mover will not bear the burden of proof at trial on the matter, the mover is not required to negate all essential elements of the adverse party's action or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or action. The non-moving party must then produce factual support sufficient to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,555 (La.App. 2d Cir.8/21/96), 679 So.2d 477.
In civil litigation, the theory of spoliation of evidence refers to an intentional destruction of evidence for the purpose of depriving the opposing parties of its use. Holloway v. Midland Risk Insurance Co., 36,262 (La.App. 2d Cir.10/30/02), 832 So.2d 1004. Generally, a litigant's failure to produce evidence that is available to him raises a presumption that the evidence would have been detrimental to his case. However, this adverse presumption is not applicable when the failure to produce the evidence is adequately explained. Holloway, supra.
In the present case, U-Save and Liberty Mutual submitted the affidavits of Terry Milam and Christopher Reynolds regarding the circumstances surrounding the sale of the van and tire involved in the accident. Milam stated that after the February 2002 accident the van was towed to a garage and was never returned to his possession or control. He explained that in April 2002, he transferred title of the van to Liberty Mutual in return for payment of his property damage claim. Milam stated that U-Save did not have an ownership interest in the van after the claim was paid on April 18, 2002, and that he was never contacted by anyone involved in the accident seeking to inspect the van tires.
Reynolds, a Liberty Mutual claims adjuster, stated that his investigation of the matter indicated that Liberty Mutual had been notified of the accident in March 2002 by a U-Save representative, who reported that the driver lost control of the rented van without any mention of a defective tire. Reynolds said that in April 2002, the van was appraised as a total loss, sent to a salvage yard and sold in May 2002. Reynolds stated the plaintiffs had not contacted him or anyone else at Liberty Mutual before the sale.
In support of their motion for partial summary judgment against Milam d/b/a U-Save and Empire, the plaintiffs submitted letters written by their investigator, Bennie Simmons, to the U-Save Auto Rental headquarters in Jackson, Mississippi, and to the salvage yard in Greenwell Springs, Louisiana, where the van was delivered for auction. However, contrary to plaintiffs' contention, these letters are not *370 addressed to any of the defendants and do not show that defendants were notified that plaintiffs sought to preserve the damaged tire as evidence. In his April 25, 2002 letter to the U-Save Auto Rental office in Jackson, Simmons stated his "understanding that the U-Save Rental Car Companies are individually owned or franchised by individual owners." Despite this acknowledgment, the record does not contain any letters from Simmons to either Milam or U-Save in Shreveport concerning preservation of the tire.
Based upon this record, the plaintiffs did not offer proof that any defendant intentionally destroyed evidence to deprive them of its use. In addition, the affidavits of Milam and Reynolds provided a reasonable explanation of the circumstances surrounding the sale of the van and resulting loss of the damaged tire. Consequently, the defendants' failure to produce the tire does not give rise to the adverse presumption that the evidence would have been detrimental to their case. Thus, the record supports denial of the plaintiffs' motion for partial summary judgment on the spoliation issue. The assignment of error lacks merit.

Product Liability
The plaintiffs contend the district court erred in granting summary judgment in favor of the defendants. Plaintiffs argue that the expert testimony and photographic evidence which they submitted was sufficient to create a genuine issue of material fact regarding the issue of whether the tire was defective, precluding summary judgment.
The Louisiana Products Liability Act (LPLA) establishes the exclusive theories of liability for damage caused by manufacturers' products. LSA-R.S. 9:2800.52. A manufacturer shall be liable to a claimant for damage caused by an unreasonably dangerous product during a reasonably anticipated use. LSA-R.S. 9:2800.54; Ashley v. General Motors Corp., 27,851 (La. App. 2d Cir.1/24/96), 666 So.2d 1320. Liability will be imposed when a product is unreasonably dangerous in (1) construction or composition, (2) design, or because of (3) an inadequate warning, or (4) nonconformity with an express warranty. LSA-R.S. 9:2800.54; Holloway, supra.
A product is unreasonably dangerous in construction if, when it left the manufacturer's control, it deviated in a material way from the manufacturer's specifications, or deviated from otherwise identical products made by the manufacturer. LSA-R.S. 9:2800.55. A product is unreasonably dangerous in design if, at the time it left the manufacturer's control, there existed an alternative design that was capable of preventing the claimant's damage and the likelihood and gravity of that damage outweighed the burden on the manufacturer of adopting the alternative design and any adverse effect on the product's utility. LSA-R.S. 9:2800.56. A claimant seeking recovery under the LPLA bears the burden of proving the existence of a defect by a preponderance of evidence. LSA-R.S. 9:2800.54(D); Ashley, supra.
Here, defendants submitted the affidavit of Brian Queiser, an engineer employed by Firestone, in support of their motion for summary judgment. Queiser stated that as a result of his work experience he had acquired knowledge of tire engineering, design and testing. He explained that tire failure by itself did not indicate the tire was defective, since a number of conditions other than a manufacturing or design defect can cause tire failure, such as a puncture, impact damage or overloading. He said that visual and scientific examination of the tire's physical condition, and often testing, is necessary to determine the specific cause of tire failure and that as a result of the tire's unavailability, *371 he was unable to render an opinion as to the cause of any alleged failure.
In opposition to summary judgment, the plaintiffs submitted photographs of the damaged tire, the police accident report, a witness statement and the affidavits of John Tielking, Ph.D. and Sidney Youngblood. The accident witness, Bill Dixon, stated that he heard a "pop" as he drove past the plaintiffs' van, which lost control and ran off the road. Dixon said that he went to the van to check on the passengers and saw that the front passenger tire had blown out, with a split of approximately eight inches along the inner sidewall of the tire. Dixon had not noticed anything in the roadway that might have punctured the tire.
Plaintiffs' expert Tielking was an engineer who had previously worked as a consultant on tire performance with Firestone. Tielking stated that he had reviewed the state police accident report noting "tire failure" as a cause of the accident, the witness statement, the photographs of the damaged tire and Queiser's affidavit. Tielking opined that the "most probable" cause of the tire failure was fatigue of the polyester cords in the sidewall resulting from a manufacturing defect such as cord spacing that exceeded manufacturer specifications. However, Tielking acknowledged that the cause of the tire blow out "could also have been a design defect," such as the need for a 2-ply sidewall for this size of tire, and that cord fatigue "may" have been caused by improper maintenance, such as under inflation or overloading.
Youngblood, a manager of a tire sales and service store, stated that he was experienced in tire changing and repair and was familiar with Firestone tires. Based on his review of photographs of the damaged tire, Youngblood opined that the tire blowout occurred "without any outside obstruction or puncture," indicating a defect in the tire's construction. However, in his deposition, Youngblood acknowledged that he had not seen the actual tire, that he did not know the exact nature of the tire defect and could not say what caused the defect.
Plaintiffs contend the district court improperly made a credibility determination when considering this conflicting expert testimony. In deciding a motion for summary judgment, the district court cannot make credibility determinations, but must assume that all affiants are credible. Hutchinson v. Knights of Columbus Council 5747, 03-1533 (La.2/20/04), 866 So.2d 228. The court must draw those inferences from the undisputed facts that are most favorable to the party opposing summary judgment. Independent Fire Insurance Co. v. Sunbeam Corporation, 99-2181 (La.2/29/00), 755 So.2d 226.
Contrary to plaintiffs' contention, the court did not weigh the credibility of the parties' experts. Rather, the court reviewed the expert affidavits and accepted the opinions of plaintiffs' experts as true. However, the court found that the opinions of Tielking and Youngblood were not sufficient to create a factual issue regarding a defective condition in the tire.
Plaintiffs contend the photos depicting the tire damage and the expert testimony are sufficient circumstantial evidence to establish a factual issue for trial under the doctrine of res ipsa loquitur. This doctrine is a rule of circumstantial evidence in which negligence is inferred because in common experience the incident would not ordinarily occur in the absence of negligence. However, if there is an equally plausible explanation for the occurrence, the doctrine is not applicable. McDowell v. Don Bohn Ford, Inc., 99-238 (La.App. 5th Cir.7/27/99), 739 So.2d 950.
*372 In support of their position, plaintiffs cite Jurls v. Ford Motor Company, 32,125 (La.App. 2d Cir.1/6/00), 752 So.2d 260, in which this court found that circumstantial evidence may be sufficient under the particular facts of a case to establish a defect for the purpose of imposing liability under the LPLA. In Jurls, some parts of the vehicle's allegedly defective cruise control system were available and Jurls' expert participated in the testing of those components. In contrast, here the plaintiffs' experts were unable to physically examine the tire and although Tielking opined that the "most probable" cause of the tire failure was fatigue of the sidewall polyester cords, he could only surmise that there were several possible causes of such fatigue, including a manufacturing or design defect or improper maintenance.
At trial, the plaintiffs would have the burden of proving by a preponderance of evidence that a characteristic of the tire made it unreasonably dangerous, or that the tire was negligently maintained, thereby causing the accident. However, the plaintiffs' experts did not know the air pressure at the time of the accident or when the pressure was last checked, and could only speculate that the tire was defective given the visible damage to the tire depicted in the photographs. Thus, although the circumstantial evidence offered by plaintiffs raised several plausible explanations for the cause of the tire's failure, the record does not contain sufficient evidence from which a reasonable juror could conclude that more probably than not the accident was caused by either a defective condition of the tire or negligent maintenance.
Consequently, we cannot say the district court erred in granting summary judgment in favor of Firestone, U-Save and Empire. The assignment of error lacks merit. We note that plaintiffs moved to appeal the summary judgment in favor of Lindsey and Liberty Mutual. However, the plaintiffs did not address the judgment in their assignments of error and did not present argument on the issue in their briefs. Thus, that judgment is not before this court.

CONCLUSION
For the foregoing reasons, the district court's summary judgments are affirmed. Costs of this appeal are assessed to the appellants, Shemeka Gladney, individually and on behalf of the minor Jamya Hopkins, Quintell Gladney, individually and on behalf of the minor children Qunshavious Gladney and Quintell Gladney Jr., Theodore Gladney, Annie Mae London and Bobbie Jean Alexander.
AFFIRMED.