JEW

URC by JEW

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2020 CA 0292

ERIN AND OWEN C. SKETCHLER, INDIVIDUALLY
AND ON BEHALF OF THEIR MINOR SON, OLIVER SKETCHLER

VERSUS

DANIEL HERNANDEZ, OCTABIO HERNANDEZ, LOUIS C. PAXTON,
AUDWIN D. FINLEY, ADF ENTERPRISES, INC., OLD AMERICAN
COUNTY MUTUAL FIRE INSURANCE COMPANY, NATIONAL GENERAL
INSURANCE COMPANY, COOPER INSURANCE & ASSOCIATES, INC.,
THE STATE OF LOUISIANA THROUGH THE LOUISIANA DEPARTMENT
OF TRANSPORTATION AND DEVELOPMENT, GRACO CHILDREN'S
PRODUCTS, INC. & AMERICAN HONDA MOTOR CO., INC.

JUDGMENT RENDERED: **MAY 1 9 2021**

* * * * * * *

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa • State of Louisiana
Docket Number 2015-1152 • Division E

The Honorable Brenda B. Ricks, Judge Presiding

* * * * * * *

Michael C. Darnell
Bruce Feingerts
New Orleans, Louisiana

COUNSEL FOR APPELLANTS
PLAINTIFFS—Erin and Owen
C. Sketchler, individually and on
behalf of their minor son, Oliver
Sketchler

Jerry L. Saporito
Caitlin Spieker
New Orleans, Louisiana

COUNSELS FOR APPELLEE
DEFENDANT—Graco Children's
Products, Inc.

Stephen M. Copenhaver, *pro hac vice*
Joseph J. Krasovec, III, *pro hac vice*
Chicago, Illinois

* * * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

Whipple, C.J. concurs.

**WELCH, J.**

Plaintiffs, Erin and Owen C. Sketchler, individually and on behalf of their minor son, Oliver, appeal a summary judgment in favor of defendant, Graco Children's Products, Inc. ("Graco"), dismissing plaintiffs' claims against it with prejudice. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

This matter arises out of a motor vehicle accident that occurred on April 18, 2014, in the eastbound lane of Interstate 12 in Tangipahoa Parish.[1] Daniel Hernandez, traveling westbound in the left lane on Interstate 12, collided with a vehicle driven by Louis C. Paxton.[2] The Hernandez vehicle then crossed the median and entered the eastbound left lane, whereupon it crashed into the rear of an 18-wheeler driven by Audwin D. Finley. After striking the Finley vehicle, the Hernandez vehicle struck the vehicle driven by Mr. Sketchler and in which Mrs. Sketchler and Oliver were passengers. Each member of the Sketchler family was seriously injured in the accident. Oliver, who was two-years old on the date of the accident, suffered serious injuries including multiple skull fractures, subarachnoid hemorrhage, subdural hematoma, traumatic encephalopathies, and two broken legs. At the time of the accident, Oliver was secured in the rear, right seat of the Sketchler vehicle in a Graco SnugRide® 30 child restraint system.

Plaintiffs filed suit against multiple defendants, including Graco, alleging a claim under the under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51, *et seq.*, for an allegedly defective child passenger restraint system. Graco filed a motion for summary judgment, arguing that plaintiffs would be

---

[1] We borrow these facts from our earlier opinion. See **Sketchler v. Hernandez**, 2018-1634 (La. App. 1st Cir. 9/4/20), 2020 WL 5269829, at *1 (unpublished), writ granted, judgment rev'd, 2020-01475 (La. 3/2/21), 311 So. 3d 343 (per curiam).

[2] The manner and location of the Hernandez-Paxton collision is disputed. See **Sketchler**, 2020 WL 5269829 at *2 (Holdridge, J., dissenting).

2

"unable to meet their burden of proving that the product at issue was defective or that it caused any injury to Oliver Sketchler." Specifically, Graco contended that the plaintiffs either disposed of or misplaced the child restraint, and without the ability for Graco to inspect the child restraint, there is no evidence in existence to establish that it was defective. Plaintiffs opposed the summary judgment, arguing that according to the opinions of their experts, the child restraint was defective, failed to perform as it should have, and that such failure caused injuries and damages to Oliver.

Following a hearing, the trial court took the matter under advisement. Thereafter, the trial court issued reasons for judgment, finding that because the child restraint was disposed of or misplaced, spoliation of evidence occurred, rendering plaintiffs unable to present evidence sufficient to carry their burden of proof on one or more element of their LPLA claim. Accordingly, the trial court granted Graco's motion for summary judgment and dismissed plaintiffs' claims against it, with prejudice. The trial court signed a judgment in accordance with its written reasons on June 25, 2018.

The plaintiffs now appeal, raising two assignments of error. They contend the trial court erred in granting Graco's motion for summary judgment because genuine issues of material fact exist as to whether Graco's child restraint was defective or that it caused any injury to Oliver Sketchler. Plaintiffs alternatively contend the trial court wrongly disregarded their expert's affidavit by determining that there was an insufficient basis for his opinion without following the procedures set forth in La. C.C.P. art. 1425(F).

**LAW**

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled

3

to judgment as a matter of law. La. C.C.P. art. 966(A)(3). In reviewing a trial court's ruling on a motion for summary judgment, appellate courts review evidence *de novo* using the same criteria that govern the trial court's determination of whether summary judgment is appropriate. **Georgia-Pacific Consumer Operations, LLC v. City of Baton Rouge**, 2017-1553, 2017-1554 (La. App. 1st Cir. 7/18/18), 255 So. 3d 16, 22, writ denied, 2018-1397 (La. 12/3/18), 257 So. 3d 194.

The Code of Civil Procedure places the initial burden of proof on the party filing the motion for summary judgment, here Graco. See La. C.C.P. art. 966(D)(1). If the mover will not bear the burden of proof at trial on the issue raised in the motion for summary judgment, as in the instant matter, the mover is not required to negate all of the essential elements of the adverse party's claim, action, or defense. See La. C.C.P. art. 966(D)(1). See also **Babin v. Winn-Dixie Louisiana. Inc.**, 2000-0078 (La. 6/30/00), 764 So. 2d 37, 39. However, the mover must demonstrate the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La. C.C.P. art. 966(D)(1). See also La. C.C.P. art. 966, Comments--2015, Comment (j).

Once the motion for summary judgment has been made and properly supported, the burden shifts to the non-moving party to produce factual support, through the use of proper documentary evidence attached to its opposition, which establishes the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1). If the non-moving party fails to produce sufficient factual support in its opposition which proves the existence of a genuine issue of material fact, La. C.C.P. art. 966(D)(1) mandates the granting of the motion for summary judgment. See **Babin**, 764 So. 2d at 40; **Jenkins v. Hernandez**, 2019-0874 (La. App. 1st Cir. 6/3/20), 305 So. 3d 365, 371, writ denied, 2020-00835 (La. 10/20/20), 303 So. 3d 315.

4

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. **Janney v. Pearce**, 2009-2103 (La. App. 1st Cir. 5/7/10), 40 So. 3d 285, 289, writ denied, 2010-1356 (La. 9/24/10), 45 So. 3d 1078.[3] Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Georgia-Pacific Consumer Operations, LLC**, 255 So. 3d at 22.

The LPLA provides the exclusive theories of liability for manufacturers for damage caused by their products. See La. R.S. 9:2800.52. A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in the LPLA. See La. R.S. 9:2800.52; **ExPert Riser Sols., LLC v. Techcrane Int'l, LLC**, 2019-1165 (La. App. 1st Cir. 12/30/20), ___ So. 3d ___, ___, 2020 WL 7770882, at *4.

To recover under the LPLA, a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product unreasonably dangerous; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else. See La. R.S. 9:2800.54(A); **Delahoussaye v. Boelter**, 2019-0026 (La. App. 1st Cir. 11/15/19), 290 So. 3d 669, 674.

---

[3] Simply showing the presence of disputed facts is insufficient if there is no legal issue presented by those contested facts. See **Franklin Credit Mgmt. Corp. v. Gray**, 2007-1433 (La. App. 4th Cir. 1/14/09), 2 So. 3d 598, 603, writ denied, 2009-0476 (La. 4/17/09), 6 So. 3d 795. A "genuine" issue is a triable issue, which means that an issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. A fact is "material" when its existence or nonexistence may be essential to a plaintiff's cause of action under the applicable theory of recovery. **Kasem v. State Farm Fire & Cas. Co.**, 2016-0217 (La. App. 1st Cir. 2/10/17), 212 So. 3d 6, 13.

Louisiana Revised Statutes 9:2800.54(B) sets forth that a product is unreasonably dangerous if and only if:

> (1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;[4]
>
> (2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;[5]
>
> (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57;[6] or
>
> (4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.[7]

A plaintiff suing a manufacturer on the basis of a claimed injury resulting from a defect in a product has the burden of proving the product was defective and the defect caused plaintiff's injury. **United Fire Group v. Caterpillar, Inc.,** 2013-2115 (La. App. 1st Cir. 8/18/14), 2014 WL 4067756, at *6 (unpublished). A plaintiff in a products liability action must prove that the product was defective, *i.e.*, unreasonably dangerous to normal use; that the product was in normal use at the time the injury occurred; that the defect caused the injury; and that the condition existed when the product left the control of the manufacturer or supplier. Plaintiff must prove each of these elements by a preponderance of the evidence. A

---

[4] "A product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." See La. R.S. 9:2800.55.

[5] A product is unreasonably dangerous in design if, at the time it left the manufacturer's control, there existed an alternative design that was capable of preventing the claimant's damage, and the likelihood and gravity of that damage outweighed the burden on the manufacturer of adopting the alternative design and any adverse effect on the product's utility. See La. R.S. 9:2800.56; **United Fire Group**, 2014 WL 4067756 at *5.

[6] Liability may be imposed on a manufacturer, pursuant to La. R.S. 9:2800.57, because an adequate warning about the product was not provided.

[7] Liability may be imposed pursuant to La. R.S. 9:2800.58, because a product does not conform to an express warranty by the manufacturer.

preponderance of the evidence exists when the evidence, direct or circumstantial, taken as a whole shows that the fact of causation sought to be proved is more probable than not. **United Fire Group,** 2014 WL 4067756 at *6.

## DISCUSSION

Graco sought summary judgment on the basis that plaintiffs would be unable to meet their burden of proving essential elements of their LPLA claim—that the child restraint was defective or caused any injury to Oliver. In their memorandum in support of their motion for summary judgment, Graco argued that plaintiffs could not meet their burden of proof on these two elements because plaintiffs either disposed of or misplaced the child restraint at issue. Graco pointed out that plaintiffs did not allege that the child restraint failed to secure Oliver during the accident, but rather, that the child restraint flipped onto its side during the accident, which allegedly contributed to Oliver's injuries. Graco argued that the child restraint itself is the best evidence of its condition and functionality, the manner in which it was installed at the time of the accident (including whether it showed any evidence of improper installation), and its performance during the accident (including whether it moved within the vehicle and if so, how and why). Without the ability to inspect the child restraint, Graco argued that there is no evidence in existence to establish that the child restraint was defective or that such alleged defect caused Oliver's injuries.

In support of its motion for summary judgment, Graco presented the petition for damages; plaintiffs' responses to interrogatories and requests for production of documents; the depositions of Owen and Erin Sketchler; the deposition of Derwin Miley, a firefighter who responded to the accident; the deposition of Dr. Lori Ann McBride, Oliver's treating neurosurgeon; the deposition of Dr. William Accousti, Oliver's treating orthopedic surgeon; and a copy of the Graco SnugRide® 30 User Manual. Based on our *de novo* review, the evidence submitted on behalf of Graco

was sufficient to point out an absence of factual support for one or more elements essential to plaintiffs' LPLA claim.

Therefore, the burden shifted to plaintiffs to produce evidence sufficient to establish the existence of a genuine issue of material fact. To support its position, plaintiffs submitted their petition for damages; the affidavit of Erin Sketchler; the affidavit of Gary R. Whitman, a mechanical engineer who consults in the fields of occupant crash protection, crash safety, crash survival, emergency escape, and life support engineering; and the affidavit of Dr. Morteza Shamsnia, a board certified neurologist who treated the Sketchler family, including Oliver.

In considering expert testimony for purposes of a motion for summary judgment, if an expert's affidavit contains opinions that lack an adequate factual basis, are not sufficiently reliable, or are otherwise inadmissible under La. C.E. art. 702 and La. C.C.P. art. 967(A), the opposing party *must* object to the affidavit. See La. C.C.P. art. 1425(F). In the absence of an objection, as in this case, the trial court is statutorily obligated to consider the expert's opinions. See La. C.C.P. art. 966(D)(2); **Mariakis v. N. Oaks Health Sys.,** 2018-0165 (La. App. 1st Cir. 9/21/18), 258 So. 3d 88, 96. At that point, in determining whether the evidence creates a genuine issue of material fact, the trial court cannot make credibility determinations, evaluate testimony, or otherwise weigh the evidence. The trial court *must* assume all affiants are credible. See **Thompson v. Center for Pediatric and Adolescent Medicine, L.L.C.,** 2017-1088 (La. App. 1st Cir. 3/15/18), 244 So. 3d 441, 446-47, writ denied, 2018-0583 (La. 6/1/18), 243 So. 3d 1062; **Bass v. DISA Global Solutions, Inc.,** 2019-1145 (La. App. 1st Cir. 6/12/20), 305 So. 3d 903, 909, writ denied, 2020-01025 (La. 11/4/20), 303 So. 3d 651; **Walker v. City of Independence Police Dep't,** 2018-1739 (La. App. 1st Cir. 2/7/20), 296 So. 3d 25, 34.

8

There was no objection to any of plaintiffs' evidence submitted in opposition to Graco's motion. Pursuant to La. C.C.P. art. 966(D)(2), the court *shall consider* any documents filed in support of or in opposition to the motion for summary judgment to which no objection is made. **Mariakis**, 258 So. 3d at 96. Accordingly, the law mandated that the trial court consider the expert affidavits submitted by plaintiffs in their opposition.

Plaintiffs' expert, Mr. Whitman, reviewed the entirety of the evidence, including the accident report, photos of plaintiffs' vehicle involved in the crash, and a Graco SnugRide® 30 child restraint system. Mr. Whitman noted that although the child restraint involved in the Sketchler accident was no longer available for inspection, in his expert experience, he opined that "it is often necessary and acceptable to rely on witness testimony and testing to reach conclusions and formulate expert opinions regarding the design, use[,] and performance of said item," therefore negating Graco's contention that plaintiffs could not prove a defect without producing the actual child restraint. Mr. Whitman further opined that in his expert experience, "a well-designed and properly installed rear-facing infant seat should be able to restrain and protect the infant and prevent any serious injuries in an accident of this severity...." Based on his review of the evidence, Mr. Whitman concluded that the child restraint was "properly installed and secured by the vehicle's seat belt at the time of the crash"; thus, improper installation was not a contributing factor to Oliver's injuries.

Mr. Whitman opined that the Graco SnugRide® 30 child restraint system lacks a support leg to minimize the amount of forward and downward rotation that occurs during a frontal crash. Mr. Whitman opined that the child restraint at issue "more probably than not failed to perform properly in this crash by allowing excessive forward and downward rotation of the entire infant seat assembly, and/or allowed the carrier to detach from its base, and ultimately caused the injuries that

infant Oliver suffered in this crash." Although Mr. Whitman's affidavit did not use the term "defect," the affidavit established facts such that a fact-finder could determine that the Graco child restraint was unreasonably dangerous.

Plaintiffs also presented the affidavit of another expert, Dr. Morteza Shamsnia, a board-certified neurologist who treated the Sketchler family, including Oliver, after the accident. Dr. Shamsnia evaluated and treated Oliver following the accident; he also reviewed all of Oliver's medical records generated following the accident, in addition to the accident report and photographs of Oliver post-accident. Dr. Shamsnia also noted that he "had an opportunity to review the work of [Mr. Whitman,] and [agreed] with his conclusions that the injuries Oliver experienced were caused by the lack of protection caused by the child restrain seat and assembly." Dr. Shamsnia opined:

> Based on my examination and evaluation, review of Oliver's medical records, and other material retrieved relating to his injuries, including but not limited to the Whitman report, I find that Oliver's injuries were caused by the car accident of April 18, 2014[,] and also caused and enhanced by the failure of the child restraint system to lessen the severity of the child's injuries. This failure will require the child to need lifetime care and will effect [sic] his future learning, earning, and psychosocial capabilities, to his detriment.

Contrary to plaintiffs' contention, there is no evidence in the record, nor in the trial court's reasons for ruling, to indicate that the trial court weighed the credibility of plaintiffs' experts, including Mr. Whitman and Dr. Shamsnia.

In granting Graco's motion, the trial court found that spoliation occurred and reasoned, "Plaintiffs cannot meet their burden of proof without producing the child restraint."[8] In civil litigation, the theory of spoliation of evidence refers to an intentional destruction of evidence for the purpose of depriving the opposing

---

[8] Louisiana Code of Civil Procedure article 966(F) sets forth that "[a] summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." Here, Graco did not raise the issue of spoliation in its motion; rather, Graco raised spoliation in its memorandum.

parties of its use. **Gladney v. Milam**, 39,982 (La. App. 2nd Cir. 9/21/05), 911 So. 2d 366, 369. Generally, a litigant's failure to produce evidence that is available to him raises a presumption that the evidence would have been detrimental to his case. **Gladney**, 911 So. 2d at 369. However, this adverse presumption is not applicable when the failure to produce the evidence is adequately explained. **Gladney**, 911 So. 2d at 369.

In response to Graco's requests for production of the child restraint involved in the accident, plaintiffs stated:

> After diligent search, [Plaintiffs] have been unable to locate the car seat at this juncture due to the fact that [Plaintiffs] were unconscious immediately following the accident, moved in with Owen Sketchler's father for several months following the accident, and have since moved from our home in Ponchatoula to a home in Metairie. However, we will continue to look for the car seat...."

As explained by plaintiffs, there was no intentional misplacement or destruction of the child restraint. Plaintiffs were severely injured and incapacitated after the accident, as was their two-year old son. Plaintiffs were treated in hospitals and then forced to move in with relatives to care for them during their recovery, and have since moved to a new home in a different parish. However, in its reasons for judgment, the trial court stated: "Plaintiffs have not adequately explained the disappearance of the child restraint." In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. A trial court cannot make credibility decisions on a motion for summary judgment. **Janney**, 40 So. 3d at 289. Here, the trial court made an improper credibility determination that plaintiffs' explanation of the missing child restrain was inadequate. Because no party objected to plaintiffs' evidence in opposition—their responses to Graco's requests for

11

production wherein they explained the missing child restraint—we must accept plaintiffs' explanation of the missing child restraint as credible. See **Janney**, 40 So. 3d at 289. Therefore, the trial court erred in its finding that spoliation occurred. Further, where the evidence on summary judgment presents a choice of reasonable inferences, such inferences must be viewed in the light most favorable to the party opposing summary judgment. **Campbell v. Hosp. Serv. Dist. No. 1 Caldwell Parish**, 35,015 (La. App. 2nd Cir. 8/22/01), 793 So. 2d 521, 526. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. **Tillman v. Nationwide Mut. Ins. Co.**, 2020-0250 (La. App. 1st Cir. 2/22/21), ___ So. 3d ___, ___, 2021 WL 672504, at *2.

Based on our *de novo* review, we reverse the trial court's grant of summary judgment in favor of Graco, finding that genuine issues of fact exist.

## DECREE

We reverse the trial court's June 25, 2018 judgment and remand this matter to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed against defendant/appellee, Graco Children's Products, Inc.

**REVERSED AND REMANDED.**